905 So.2d 167 (2005)
Manuel BARRANADA, Appellant,
v.
FLORIDA POWER LIGHT COMPANY, Appellee.
No. 3D04-95.
District Court of Appeal of Florida, Third District.
March 2, 2005.
Rehearing and Rehearing Denied July 13, 2005.
*168 Feiler, Leach and McCarron and Martin E. Leach, Coral Gables, for appellant.
Robert E. Boan; Hicks & Kneale and Brett C. Powell, Miami, for appellee.
Before GERSTEN, FLETCHER, and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied July 13, 2005.
FLETCHER, Judge.
Manuel Barranada appeals an adverse summary final judgment entered in favor of Florida Power & Light Company [FPL] in this personal injury action. For the following reasons, we affirm.
On March 7, 2000, Barranada was employed as a sprinkler installer at a construction site at 255-265 Aragon Avenue in Coral Gables. Barranada was using an improvised pulley erected by another subcontractor in the alleyway adjacent to the building for the purpose of hoisting into the interior metal pipes twenty-one feet in length. He was seriously injured when one of the pipes being hoisted came into contact with an uninsulated power line located on the opposite side of the alleyway, fourteen feet nine inches from the building under construction. This distance is greater than the minimum of seven feet five inches required by the National Electric Safety Code [NESC] as adopted by section 366.04(6)(b), Florida Statutes (1999).[1] The company managing the construction directed the subcontractors not to stage any materials in the alleyway or bring any pipes through the windows overlooking the alleyway. The company did not ask FPL to take any preventive measures.
Barranada sued FPL alleging negligence in not securing the power lines. On FPL's motion, the trial court entered summary judgment on a finding that FPL did not breach any duty owed to Barranada.
On appeal, Barranada relies on this court's decision in Pacheco v. Florida Power & Light Co., 784 So.2d 1159 (Fla. 3d DCA 2001) to challenge the trial court's ruling. We find, however, that circumstances in this case are more similar to the *169 Second District's decision in Smith v. Florida Power & Light Co., 857 So.2d 224 (Fla. 2nd DCA 2003). This is so because in this case the location of the power lines met the code standard, FPL was not asked to take any preventive measure, and it was not reasonably foreseeable that the workers would not follow the suggested plan of not using the alleyway for delivery of materials. As in Smith, the contractor here specifically determined that it could safely work around the overhead lines and so did not request that FPL reroute, de-energize or insulate the power lines. In Pacheco, the location of FPL's power lines violated the standards of the applicable codes and the contractor had requested FPL's protection from the lines.
As FPL had no duty to protect against the injuries suffered by Barranada under the circumstances presented in this case, the final summary judgment in favor of FPL is affirmed.
NOTES
[1] Which reads in pertinent part:

"The standards prescribed by the current 1984 edition of the National Electrical Safety Code (ANSI C2) shall constitute acceptable and adequate requirements for the protection of the safety of the public . . ."